department, entered March 14, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. This action was brought to recover damages for the alleged negligence of the defendants as joint owners of a telephone pole, which fell while being climbed by the plaintiff, who was a lineman of the Rochester Gas and Electric Corporation, the pole breaking off at the base at the level of the ground. The question was whether under a contract between plaintiff's employer and defendants relative to joint ownership, use and maintenance of poles as modified by practical construction by the parties, the plaintiff was on the pole by invitation and by right.

*Eugene Raines* for Rochester Telephone Company, appellant.

*Myron T. Bly* for New York Telephone Company, appellant.

*Merwin Morehouse* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: MCLAUGHLIN, J. Not voting: POUND, J.

---

THE CITY OF NEW YORK, Appellant, *v.* THE ATLANTIC YACHT CLUB, Respondent.

*Real property — title — ejectment — New York city — action by city of New York to eject defendant from upland and land under water on north side of Coney Island point.*

*City of New York* v. *Atlantic Yacht Club*, 209 App. Div. 642, affirmed.

(Argued April 8, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 30, 1924, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term

without a jury. The action was brought by the city of New York, claiming as successor to the former town of Gravesend, under Colonial patents, to eject the Atlantic Yacht Club from upland and land under water on the north side of Coney Island point facing New York bay, bounded northerly by the pierhead line, easterly by Sea Gate avenue, southerly by Poplar avenue, and westerly by the lands of the Prospect Park and Coney Island Railroad Company. The defendant claimed title as successor in interest to John B. Shanahan, who received a deed in 1890 from the town of Gravesend, purporting to convey the lands under water in controversy here, as successor in interest to Norton Point Land Company, which obtained letters patent from the State in 1897, of the same lands under water, and by natural accretion.

*George P. Nicholson*, Corporation Counsel (*John J. Mead* of counsel), for appellant.

*William N. Dykman* and *S. B. Olney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

ROSE R. GARCIA, Respondent, *v.* PILOT BUILDING CORPORATION, Appellant.

*Contract — real property — title — action to recover deposit on contract to purchase real property — breach of covenant running with land — unmarketable title.*

*Garcia* v. *Pilot Building Corpn.*, 209 App. Div. 903, affirmed.

(Argued April 8, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to recover a deposit paid on a contract to purchase real property together with expenses on the ground that the building on the premises had been erected in violation of a covenant running with the land and that, therefore,